UaDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 1 4 2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------- x

IN RE:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

MEMORANDUM DECISION
AND ORDER

03 MDL 1570 (GBD) (SN)

---------------------------------- x

This document relates to:

> *Ashton et al v. al Qaeda Islamic Army, et al.*, 02 Civ. 6977 (GBD) (SN)
> *Bauer et al v. al Qaeda Islamic Army, et al.*, 02 Civ. 7236 (GBD) (SN)
> *Burlingame v. Bin Laden, et al.*, 02 Civ. 7230 (GBD) (SN)
> *Cheryl Rivelli, et al. V. Islamic Republic of Iran*, 18 Civ. 11878 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge

On December 27, 2019, the *Ashton* and *Bauer* Plaintiffs moved this Court to issue final judgments against the Islamic Republic of Iran and award solatium damages for the losses suffered by certain non-immediate family members of victims killed in the September 11, 2001 terrorist attacks. (*Ashton/Bauer* Pl. Dayna Spordone's Mot. for Partial Final J. (the "*Ashton/Bauer* Motion"), ECF No. 5407.)[1] Subsequently, on January 3, 2020, the *Ashton* Plaintiffs moved this Court to issue final judgments against the Islamic Republic of Iran and award solatium damages for the losses suffered by additional non-immediate family members of victims killed in the September 11, 2001 terrorist attacks. (The *Ashton XVI* Wrongful Death Pls.' Mot. for Final Js. (the "*Ashton* Motion"), ECF No. 5428.)

On December 26, 2019, the *Burlingame* Plaintiffs moved this Court to issue final judgments against the Islamic Republic of Iran and award solatium damages for the losses

---

[1] All citations included herein refer to documents filed in the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN).

1

suffered by certain non-immediate family members of victims killed in the September 11, 2001 terrorist attacks. (The *Burlingame IX* Wrongful Death Pls.' Mot. For Partial Final Js. (the "*Burlingame* Motion"), ECF No. 5402.)

On January 2, 2020, the *Rivelli* Plaintiffs moved this Court to issue final judgments against the Islamic Republic of Iran and award solatium damages for the losses suffered by certain non-immediate family members of victims killed in the September 11, 2001 terrorist attacks. (The *Rivelli* Pls.' Notice of Mot. for Partial Final J. III (Functional Equivalent), ECF No. 5420.)

In each motion, Plaintiffs principally argue that the listed claimants[2] are the "functional equivalents" of immediate family members of certain decedents. (*See Ashton/Bauer* Motion at 6–10; *Ashton* Motion at 10–13; *Burlingame* Motion at 9–11; the *Rivelli* Pls.' Mem. of Law in Supp. of Mot. for Partial Final J. III, ECF No. 5423, at 9–10.) Before this Court is Magistrate Judge Sarah Netburn's January 21, 2020 Report and Recommendation (the "Report"), recommending that this Court grant in part and deny in part Plaintiffs' motions. (Report, ECF No. 5701, at 10.) This Court ADOPTS Magistrate Judge Netburn's Report, as it pertains to Plaintiffs Christopher Dowdell, William Dowdell, Matthew Dowdell, Dayna Spordone, Christopher Michael Ruggieri, Phylicia Ruggieri, Justin Sivin, and Donald Scauso.[3]

---

[2] Plaintiffs' motions cover a total of nine claimants, all who are stepchildren of various individuals killed in the September 11, 2001 terrorist attacks.

[3] On January 22, 2020, Plaintiffs filed a letter requesting an extension of time to object to the Report, (ECF No. 5717), which this Court granted on January 30, 2020, (ECF No. 5786). On February 7, 2020, Plaintiffs filed a second letter, clarifying that their request "pertained only to those plaintiffs whose claims had been denied in their entirety." (ECF No. 5880.) Therefore, at this time, this Court will reserve judgment on Plaintiff Maxwell Sivin.

2

# I. LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

No party has filed any objections. Accordingly, this Court reviews the Report for clear error.

# II. MAGISTRATE JUDGE NETBURN PROPERLY APPLIED THE FUNCTIONAL EQUIVALENTS FRAMEWORK TO THE PLAINTIFFS

On July 30, 2012, Magistrate Judge Frank Maas established a framework to award solatium damages to immediate family members of a September 11, 2001 decedent, which this Court adopted on October 3, 2012. (R. & R. to the Honorable George B. Daniels, ECF No. 2618, *adopted by* Mem. Decision and Order, ECF No. 2623.) This framework specifically outlined the solatium awards for a decedent's spouse, parent, child, and sibling, and is as follows:

| Relationship to Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |

3

| Child | $8,500,000 |
|---|---|
| Sibling | $4,250,000 |

(*Id.*) This Court later detailed a framework for granting solatium damages to non-immediate family members of September 11, 2001 victims, which allows individuals to recover so long as they are "functional equivalents" of immediate family members. (*See* Report at 1 (citing *Hoglan II*, R. & R. dated Oct. 14, 2016, ECF No. 3363, *adopted by* Mem. Decision and Order dated Oct. 31, 2016, ECF No. 3384; *Hoglan IV*, R. & R. dated Aug. 8, 2017 ("*Hoglan IV* Report"), ECF No. 3676, *adopted by* Mem. Decision and Order dated Nov. 17, 2017, ECF No. 3795).)

## A. The Report Properly Found That Christopher Dowdell, William Dowdell, Phylicia Ruggieri, and Justin Sivin Are Functional Equivalents of Immediate Family Members to the Decedents and Properly Limited the Amount of Damages to Which They Are Entitled.

Magistrate Judge Netburn found that Christopher Dowdell, William Dowdell, Phylicia Ruggieri, and Justin Sivin are each functional equivalents of immediate family members to their respective stepparent. The Report recommends that the solatium damages amount be reduced in each case to $4,250,000, as opposed to the $8,500,000 award typically granted to functional equivalents of children or parents, in light of the fact that in each case, the decedent did not marry the plaintiff's biological parent until after the plaintiff had passed his or her early childhood years.[4] (Report at 2–4; 6–8.) This Court finds that Magistrate

---

[4] "Early childhood" is defined in the *Hoglan IV* Report as "roughly until the age of eight." (*Hoglan IV Report* at 13.) As described in the Report, Christopher Dowdell was 15 years old when the decedent married his mother, William Dowdell was 13 years old when the decedent married his mother, Phylicia Ruggieri was 11 years old when the decedent married her mother, and Justin Sivin was 15 years old when the decedent married his mother. (Report at 2–4; 6–8.)

4

Judge Netburn did not act clearly erroneously in limiting the damages awards to Christopher Dowdell, William Dowdell, Phylicia Ruggieri, and Justin Sivin.

### B. The Report Properly Determined That the Remaining Plaintiffs Are Functional Equivalents of Immediate Family Members to the Decedents.

Regarding the remaining individuals seeking solatium damages as functional equivalents, the Report accurately describes and analyzes each relationship with the relevant decedent, and properly finds that each Plaintiff is a functional equivalent of an immediate family member. Magistrate Judge Netburn appropriately found that each Plaintiff is entitled to the solatium damages amounts listed in Exhibit A. (Report at 4–6; 9–10.) Finally, Magistrate Judge Netburn accurately found that "Plaintiffs should be awarded prejudgment interest on these damages from September 11, 2001, through the date of judgment, at a rate of 4.96 percent per annum, compounded annually." (*Id.* at 10.)

### III. CONCLUSION

Plaintiffs' Motion for Final Judgments, (ECF Nos. 5402, 5407, 5420, and 5428), are GRANTED as they pertain to Plaintiffs Christopher Dowdell, William Dowdell, Matthew Dowdell, Dayna Spordone, Christopher Michael Ruggieri, Phylicia Ruggieri, Justin Sivin, and Donald Scauso. It is

**ORDERED** that the Plaintiffs identified in the attached Exhibit A are awarded judgment for solatium damages as set forth in Exhibit A; and it is

**ORDERED** that prejudgment interest is awarded to be calculated at a rate of 4.96 percent per annum, all interest compounded annually over the same period; and it is

**ORDERED** that the Plaintiffs not appearing on Exhibit A and who were not previously awarded damages may submit in later stages applications for solatium and/or

5

economic damages awards that may be approved on the same basis as currently approved for those Plaintiffs appearing on Exhibit A or in prior filings.

The Clerk of Court is directed to close the motions for which this Court has not granted extensions of time for plaintiffs to object in 03 MDL 1570, (ECF Nos. 5402, 5407, and 5420), 02 Civ. 6977 (ECF No. 1136, 1140), 02 Civ. 7236 (ECF No. 58), 02 Civ. 7230 (ECF No. 88), and 18 Civ. 11878 (ECF No. 44), accordingly.

Dated: February 14, 2020
      New York, New York

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

# EXHIBIT A

|   | 9/11 Decedent | Plaintiff | Relationship | Solatium Damages Amount |
|---|---|---|---|---|
| 1 | Brian Magee | Christopher Dowdell | Stepchild | $4,250,000 |
| 2 | Brian Magee | William Dowdell | Stepchild | $4,250,000 |
| 3 | Brian Magee | Matthew Dowdell | Stepchild | $8,500,000 |
| 4 | Milton Bustillo | Dayna Spordone | Stepchild | $8,500,000 |
| 5 | Joseph Rivelli, Jr. | Christopher Michael Ruggieri | Stepchild | $8,500,000 |
| 6 | Joseph Rivelli, Jr. | Phylicia Ruggieri | Stepchild | $4,250,000 |
| 7 | Joel Miller | Justin Sivin | Stepchild | $4,250,000 |
| 9 | Dennis Scauso | Donald Scauso | Stepchild | $8,500,000 |