UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/12/2023

03-MD-01570 (GBD)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

    Ashton, et al. v. Al Qaeda Islamic Army, et al., No. 02-cv-06977
    Burlingame, et al. v. Bin Laden, et al., No. 02-cv-07230
    Bauer, et al. v. Al Qaeda Islamic Army, et al., No. 02-cv-07236

    Ronald Breitweiser and John J. Ryan were killed in the 9/11 Attacks. Their respective estates, spouses, and children (the "Plaintiffs") seek to hold the Taliban accountable for their deaths. To that end, the Plaintiffs moved for default judgments against the Taliban under the common law and the Anti-Terrorism Act (the "ATA"). See ECF Nos. 9041, 9042, 9045.[1]

    The Plaintiffs argue that recovery on such claims should be limited to plaintiffs who: (1) are authorized to bring wrongful death claims by the "law on estate administration" of the decedent's state of domicile; and (2) timely filed their claims. ECF No. 9041 at 2. The Court considered and rejected these arguments when counsel raised them in opposition to other default judgment motions requesting damages under the ATA. See ECF No. 8929 at 7–9, adopted at ECF No. 8973 at 6–9. Absent an intervening change in law, the Court has no reason to revisit its decision.

---

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

That leaves the Plaintiffs with two avenues for seeking relief. They may pursue recovery under the ATA notwithstanding the Court's interpretation of its scope. Or they may pursue recovery under another cause of action, such as common law wrongful death. See No. 02-cv-06977, ECF No. 465 at 235 (Sixth Amended Consolidated Master Complaint, asserting Plaintiffs' common law wrongful death claims against the Taliban).

It is unclear which avenue the Plaintiffs prefer. Compare ECF Nos. 9041 at 3, 9042 at 14 (requesting but not calculating treble damages under the ATA), with ECF No. 9045 (proposed order including no request for treble damages under the ATA). Rather than speculate, the Court requests that counsel clarify what relief the Plaintiffs are requesting. If the Plaintiffs seek damages under the ATA, counsel should file a new proposed order that requests and calculates those damages. If the Plaintiffs seek damages under state common law, counsel should file a memorandum of law addressing the Court's recent choice-of-law analysis, see ECF No. 9287, as well as liability and damages. These filings should be submitted by October 27, 2023.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   October 12, 2023
         New York, New York