**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

In re:

      **TERRORIST ATTACKS ON**
      **SEPTEMBER 11, 2001**

-------------------------------------------------------------------X

```
┌─────────────────────────────────┐
│ USDC SDNY                       │
│ DOCUMENT                        │
│ ELECTRONICALLY FILED            │
│ DOC #: _____          │
│ DATE FILED:   2/19/2025         │
└─────────────────────────────────┘
```

**03-MD-01570 (GBD)(SN)**

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

      <u>Ashton v. al Qaeda Islamic Army</u>, No. 02-cv-06977 (GBD)(SN)
      <u>Burlingame v. Bin Laden</u>, No. 02-cv-07230 (GBD)(SN)
      <u>Bauer v. Al Qaeda Islamic Army</u>, No. 02-cv-07236 (GBD)(SN)

      For the reasons articulated in the Court's April 5, 2022 opinion, <u>see</u> ECF No. 7830, the

<u>Ashton</u> Plaintiffs' motion to authorize alternative service on the Taliban and Da Afghanistan

Bank is GRANTED. <u>See</u> ECF No. 10626. To that end, the notices published in *Al Quds Al-Arabi*

and the *New York Times* must conform to the requirements of CPLR § 316 and, to comply with

28 U.S.C. § 1608(b)(3), all notices shall be accompanied by "a translation of the relevant

documents" into "any language spoken by a substantial percentage of Afghanistan's population."

ECF No. 7830 at 14 (citing <u>Trans Commodities, Inc. v. Kazakstan Trading House</u>, No. 96-cv-

9782 (BSJ), 1997 WL 811474, at *4 n.7 (S.D.N.Y. May 28, 1997) ("In considering service under

section 1608(b), courts apply a substantial compliance test, not the strict compliance test

applicable under section 1608(a).").

      To avoid confusion, the <u>Ashton</u> Plaintiffs' notices shall not, however, discuss any

potential turnover motion. <u>See, e.g.</u>, ECF No. 10626-2 ("Plaintiffs will move for a Turnover of

assets of the Taliban held in the Da Afghanistan Bank account at the New York Federal Reserve

Bank in New York, NY, USA as partial satisfaction of the above-described judgment on damages."). The Court will not address the possibility of such a turnover motion until the Court of Appeals for the Second Circuit has ruled on the parties' pending appeals. See ECF Nos. 10630, 10660, 10668.

The Clerk of the Court is respectfully directed to terminate the motions at ECF No. 10626 in 03-md-01570, ECF No. 2212 in 02-cv-06977, ECF No. 371 in 02-cv-07230, and ECF No. 296 in 02-cv-07236.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:          February 19, 2025
                New York, New York