UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :

: MEMORANDUM OF LAW
: IN SUPPORT OF PLAINTIFFS'
: MOTION TO PERMIT
: ATTACHMENT AND
: EXECUTION PURSUANT
: TO 28 U.S.C. § 1610(c)

: 03 MDL 1570 (GBD)(SN)
-------------------------------------------------------------------x

This Document Relates to
*Bauer, et al. v. al Qaeda Islamic Army, et al*.
02-cv-7236 (GBD) (SN)

  The *Bauer* Plaintiffs, through counsel, hereby respectfully submit this Memorandum of Law in Support of Plaintiffs' Motion to Permit Attachment and Execution Pursuant to 28 U.S.C. §1610(c)..

  The *Bauer* Plaintiffs have valid unsatisfied judgments against Iran under the Foreign Sovereign Immunities Act, ("FSIA"), § 1602, *et seq*., and now seek to enforce those judgments in a turnover action with respect to approximately 127,271 Bitcoin currently held by the U.S. Government, and all proceeds traceable thereto ("Bitcoin Assets"). Defendant the Islamic Republic of Iran ("Iran") has received sufficient notice of the *Bauer* judgments and a reasonable period of time has passed. The Bitcoin Assets and all proceeds traceable thereto are assets of an agency or instrumentality of Iran and Judgment Debtors of the *Bauer* Creditors.

  The Bitcoin Assets are currently the subject of a forfeiture proceeding pending in the Eastern District of New York pursuant to Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions in the Federal Rules of Civil Procedure.

The *Bauer* Plaintiffs seek specific Court approval to attach and execute on the Bitcoin Assets that were formerly property of the Iran and China Investment Development Group ("Iran-China Group"). The Iran-China Group, doing business on the blockchain as "Lubian.com" or "LuBian," is an agency or instrumentality of Iran that has materially supported that country's efforts to evade Western sanctions by mining cryptocurrency in Iran. Through this scheme, Iran converts sanctioned Iranian oil and gas into electricity, which miners then use to generate cryptocurrency for the Iranian government to use outside the traditional global banking systems. LuBian was the cryptocurrency mining pool for the Iran-China Group, an Iranian joint-stock company that partnered with the Iranian government to build a large Bitcoin mine in Rafsanjan, Iran, to assist that country's longstanding efforts to evade U.S. sanctions.

Under the Terrorism Risk Insurance Act of 2002 ("TRIA") § 201, Pub. L. No. 107–297, 116 Stat. 2322, 2337–2340 (codified at 28 U.S.C. § 1610 note), the *Bauer* Plaintiffs have the right to attach and execute on the property of Iran and its agencies and instrumentalities, including the Iran-China Group, "notwithstanding any other provision of law." Accordingly, the *Bauer* Plaintiffs hereby seek to assert their interest in the Bitcoin Assets, or at least so much as may ultimately be necessary to satisfy the outstanding compensatory damages, including prejudgment and post-judgment interest, on their judgments, which TRIA makes senior to any interest that the government or other claimants could assert.

Section 1610(c) orders do not, in and of themselves, constitute writs of execution or writs of attachment. Neither do they serve to "block," or to establish "priority" over, assets that may potentially be available to satisfy their judgments. Instead, an order entered pursuant to 28 U.S.C. § 1610(c) is a "condition precedent" that must be satisfied *before* a judgment holder can

undertake appropriate attachment or execution efforts. *Levin v. Bank of New York*, 2011 WL 812032*** (S.D.N.Y. 2011).

I.  **BACKGROUND**

A liability judgment was entered on behalf of the *Bauer* Plaintiffs against Iran on August 31, 2015, in *Ashton, et al. v. Al Qaeda Islamic Army, et al.*, 02-CV-6977 (GBD) (FM). MDL Doc. No. 3014. On March 8, 2016, in an Amended Order of Judgment in *Ashton, et al. v. Al Qaeda Islamic Army, et al.*, 02-CV-6977 (GBD) (FM), the *Bauer* Estate Plaintiffs were awarded compensatory damages for conscious pain and suffering, punitive damages, and prejudgment interest on the compensatory damages awards for conscious pain and suffering of each decedent by this Court. MDL Doc. No. 3226. An Order of Further Partial Final Judgment was entered on September 12, 2016, on behalf of the *Bauer* Plaintiffs against Iran (*Bauer* Doc. No. 13; MDL Doc. No. 3341). Additional Orders or Partial Final Judgment against Iran were entered on behalf of the *Bauer* Plaintiffs on: October 31, 2016 (*Bauer* Doc. No. 20; MDL Doc. No. 3387), November 29, 2016 (*Bauer* Doc. No. 25; MDL Doc. No. 3399), November 30, 2016 (*Bauer* Doc. No. 28; MDL Doc. No. 3402), December 1, 2016 (*Bauer* Doc. No. 32; MDL Doc. No. 3403) and December 5, 2016 (*Bauer* Doc. No. 33; MDL Doc. No. 3408). These seven partial final judgments are referred to herein as the "*Bauer* 2016 Judgments."

Plaintiffs served their *Bauer* 2016 Judgments on Iran via diplomatic service through the U.S. Department of State, pursuant to FSIA § 1608(a)(4). The documents that were served on Defendant Iran were as follows:

> 1. *Ashton* Order of Judgment (August 31, 2015) (MDL Doc. No. 3014);
>
> 2. *Ashton* Amended Order of Judgment (March 8, 2016) (MDL Doc. No. 3226);

3

3. Order of Further Partial Judgment ("*Bauer I*") (September 12, 2016) (*Bauer* Doc. No. 13; MDL Doc. No. 3341);

4. Order of Further Partial Judgment ("*Bauer II*") (October 31, 2016) (*Bauer* Doc. No. 20; MDL Doc. No. 3387);

5. Order of Further Judgment (November 29, 2016) (*Bauer* Doc. No. 25; MDL Doc. No. 3399);

6. Order of Further Partial Judgment (November 30, 2016) (*Bauer* Doc. No. 28; MDL Doc. No. 3402);

7. Order of Further Partial Judgment (December 1, 2016) (*Bauer* Doc. No. 32; MDL Doc. No. 3403);

8. Order of Further Partial Judgment (December 5, 2016) (*Bauer* Doc. No. 33; MDL Doc. No. 3408);

9. Notice of Default Judgment prepared in accordance with 22 CFR § 93.2;

10. Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, *et seq.*;

11. Right to Appeal Notice; and

12. Right to Appeal Form.

The *Bauer* Plaintiffs provided three copies of each of these *Bauer* 2016 Judgments documents, in both English and Farsi (one copy for the S.D.N.Y.; one copy for the State Department, and one copy to be served). Also enclosed was a pre-paid Federal Express waybill and envelope addressed to the State Department and a cashier's check in the amount of $2,275 made payable to "U.S. Embassy Bern." Plaintiffs further provided original, notarized Affidavits of Translators for each document, in accordance with Page 12 of the U.S. District Court for the Southern District of N.Y. Clerk's Office Foreign Mailing Instructions, and which comports with the requirements with N.Y. CVP. LAW § 2101(b).

The *Bauer* 2016 Judgments materials were delivered by the Department of State, with assistance by the Foreign Interests Section of the Embassy of Switzerland in Tehran on September 19, 2017, under cover of diplomatic note No. 1097-IE. *See* Letter from Department of State to SDNY Clerk, dated October 25, 2017, with attached certified copy of the diplomatic note and supporting documents at *Bauer* Doc. No. 36.

Thus, the *Bauer* 2016 Judgment materials were duly served on Defendant Iran more than eight years ago. On January 30, 2020, the *Bauer* Plaintiffs were issued additional final judgments by this Court:

    a.    Order of Final Judgment ("*Bauer III*") (*Bauer* Doc. No. 93; MDL Doc. No. 5771);

    b.    Order of Final Judgment ("*Bauer IV*") (*Bauer* Doc. No. 94; MDL Doc. No. 5772);

    c.    Order of Final Judgment ("*Bauer V*") (*Bauer* Doc. No. 95; MDL Doc. No. 5773);

    d.    Order of Final Judgment ("*Bauer VI*") (*Bauer* Doc. No. 96; MDL Doc. No. 5775);

    e.    Order of Final Judgment ("*Bauer VII*") (*Bauer* Doc. No. 97; MDL Doc. No. 5776);

    f.    Order of Final Judgment ("*Bauer VIII*") (*Bauer* Doc. No. 98; MDL Doc. No. 5779);

    g.    Order of Final Judgment ("*Bauer IX*") (*Bauer* Doc. No. 99; MDL Doc. No. 5780); and

    h.    Order of Final Judgment ("*Bauer X*") (*Bauer* Doc. No. 100; MDL Doc. No. 5781).

A Memorandum Decision and Order was issued on February 14, 2020 further awarding damages to certain *Bauer* Plaintiffs (*Bauer* Doc. No. 107; MDL Doc. No. 5947). These nine additional orders of final judgment are referred to collectively herein as the "*Bauer* 2020 Judgments."

Plaintiffs served their *Bauer* 2020 Judgments on Iran via diplomatic service through the U.S. Department of State pursuant to FSIA § 1608(a)(4).  The documents served were the *Bauer* 2020 Judgments documents, as well as a Notice of Default Judgment prepared in accordance with 22 CFR § 93.2, the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, *et seq.*, a Right to Appeal Notice, and a Right to Appeal Form.  The *Bauer* Plaintiffs provided three copies of each of these *Bauer* 2020 Judgments documents and supporting materials, in both English and Farsi (one copy for the S.D.N.Y.; one copy for the State Department, and one copy to be served).  Also enclosed was a pre-paid Federal Express waybill and envelope addressed to the State Department and a cashier's check in the amount of $2,275 made payable to "U.S. Embassy Bern."  Plaintiffs further provided original, notarized Affidavits of Translators for each document, in accordance with Page 12 of the U.S. District Court for the Southern District of N.Y. Clerk's Office Foreign Mailing Instructions, which comports with the requirements with N.Y. CVP. LAW § 2101(b).

On February 18, 2020, at Plaintiffs' request, the SDNY Clerk of Court transmitted the *Bauer* 2020 Judgments and supporting materials to the United States Department of State, pursuant to the FSIA § 1608(a)(4).  *See* Clerk Certificate of Mailings at MDL Doc. Nos. 5961 and 5972.  The *Bauer* 2020 Judgments materials were delivered by the Department of State, with assistance by the Foreign Interests Section of the Embassy of Switzerland in Tehran under diplomatic cover, dated July 12, 2020 and delivered on July 14, 2020, in accordance with § 1608(a)(4).  True and correct copies of the Return of Service and supporting U.S. Department of State documents are attached to *Bauer* Affidavit of Service by Dorothea M. Capone, Esq., dated September 3, 2020, at *Bauer* Doc. No. 115; MDL Doc. No. 6423 as Exhibit A.  Receipt of transmittal by the United States Department of State was also acknowledged by the Clerk of the Court on August 28, 2020 as noted (*unnumbered*) on the *Bauer* and MDL ECF dockets.

## II. LEGAL ARGUMENT

A § 1610(c) Order serves to determine that (a) "any notice required under section 1608(e) has been given" and that (b) "a reasonable period of time has elapsed following entry of judgment." *Eurofinsa, S.A. v. Gabonese Republic*, 2025 U.S. Dist. LEXIS 110937, *3 (internal citations omitted). *See also*, *Syracuse Mt. Corp. v. Bolivarian Republic of Venezuela* (S.D.N.Y. 21-cv-2678 2024):

> Pursuant to the Foreign Sovereign Immunities Act, the property of an agency or instrumentality of a foreign state within the United States may not be attached "until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any [required] notice[.]"

*Olin Holdings Ltd. v. State of Libya,* 22-cv-825 (2d Cir. 2023) (same).

### A. The *Bauer* Plaintiffs Have Complied with Both the FSIA And the Orders and Judgments of This Court Regarding Notice

"Under the FSIA, entry of a default judgment against a foreign state or its instrumentalities must be accompanied by service of that judgment." *Murphy v. Islamic Republic of Iran*, 778 F. Supp. 2d 70 (D.D.C. 2011). This requirement of service, coupled with the requirement that a plaintiff pursuing a claim under § 1605A of the FSIA can only obtain a default judgment after presenting evidence satisfactory to the court, both "ensure[s] that having been served with an initial complaint and declining to participate in the litigation[,] a foreign state or entity remains protected by the requirement that a plaintiff substantiate her claim" and that foreign property interests are preserved "by insisting upon prompt notification of any entry of judgment that might put such interests at risk." *Murphy*, 778 F. Supp. 2d at 72. As in *Heiser v. Islamic Republic of Iran*, Iran has made the choice to refuse service despite both exposure to billions of dollars in damages and despite the fact that Iran is perfectly capable of appearing in

7

the courts of the United States when it wishes. 807 F. Supp. 2d 9, 24 (2011). See *Peterson v. Islamic Republic of Iran*, 10-cv-04518 (KBF); *In re 650 Fifth Avenue and Related Properties*, 08-cv-10934 (KBF); *Bank of Tokyo Mitsubishi UFJ, Ltd. v. Peterson*, 12-cv-04038 (BSJ); *Rubin v. Islamic Republic of Iran*, 637 F.3d 783 (7th Cir. 2011) *cert. denied,* 133 S.Ct 23 (2012); *Weinstein v. Islamic Republic of Iran*, 609 F.3d 43 (2d Cir. 2010); *Ministry of Defense and Support of the Armed Forces of the Islamic Republic of Iran v. Cubic Defense Systems, Inc.*, 98-cv-1165-B (DHB) (S.D.Cal. January 3, 2013).

Accordingly, in compliance with FSIA §1608(c)(1), the *Bauer* judgments were duly served on Iran.

### B. A Reasonable Period of Time Has Elapsed Such That the *Bauer* Plaintiffs Should Be Permitted to Enforce Their Judgments

Following the service of a judgment, the FSIA establishes a condition precedent before a party such as the *Bauer* Plaintiffs can formally attach and execute upon the property of a foreign sovereign. Section 1610(c) requires that a plaintiff seek leave of court before executing upon the property of a foreign state to enforce a judgment obtained under §1605A:

> "No attachment or execution… shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following entry of judgment and giving notice required under § 1608(e) of this chapter."

28 U.S.C. § 1610(c).

According to a House Report on the FSIA, the procedures mandated by § 1610(c) are in place to ensure that sufficient protection is afforded to foreign states that may be defendants in actions in courts in the United States:

> In some jurisdictions in the United States, attachment and execution to satisfy a judgment may be had simply by applying to a clerk or local sheriff. This would not afford sufficient protection to a foreign

8

> state.  This subsection contemplates that the courts will exercise discretion in permitting execution.  Prior to ordering attachment and execution, the court must determine that a reasonable period of time has elapsed following the entry of judgment…  In determining whether the period of time has been reasonable, the court should take into account procedures, including legislation, that may be necessary for payment of a judgment by a foreign state, which may take several months; representation by the foreign state of steps being taken to satisfy the judgment; or any steps being taken to satisfy the judgment; or evidence that the foreign state is about to remove assets from the jurisdiction to frustrate satisfaction of the judgment.

*Levin v. Bank of New York*, No. 1:09-cv-59000 (RPP) (MHD) (S.D.N.Y. Jan. 28, 2011) *quoting* H.R. Rep. No. 1487, 94th Cong., 2d Sess. 30, reprinted in 1976 U.S. Code Cong. & Admin. News 6604, 6629.

Iran has not paid any of the *Bauer* judgments and, indeed, has never voluntarily paid any judgment entered as a result of its continued state sponsorship of terrorism around the world.  The *Bauer* Plaintiffs' Partial Final Default Judgments was issued by this Court more than five and a half years ago and served on Iran more than five years ago.

The U.S. District Court for the District of Columbia has held that a "reasonable period of time" for purposes of § 1610(c) is sixty (60) days.  *Valore v. Islamic Republic of Iran*, 1:08-cv-01273-RCL (D.D.C. Jun. 8, 2003).  There, Chief Judge Royce Lamberth found "no basis in the FSIA to suggest that any longer period is needed, particularly in comparison to the period of time – 60 days, 28 U.S.C. § 1608(e) - that a foreign sovereign is given to respond to initial service of a complaint and summons under the Act."  *Id*.  Chief Judge Lamberth has also held separately that six weeks is a reasonable period of time to satisfy the requirements of § 1610(c), especially when "there is no evidence that the defendant has taken any steps toward the payment of its debt."  *Ned Chartering and Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64 (D.D.C. 2001).

9

The *Bauer* Plaintiffs respectfully submit to the Court that, when applying the applicable law to the circumstances presented here, Plaintiffs should be permitted to initiate an enforcement action against the Bitcoin Assets. More than five years have passed since Iran was served with notice of the *Bauer* judgments. More than a reasonable time has passed since the *Bauer* Plaintiffs judgments were entered and since the Iranian Defendants were served with the judgments.

### C. Plaintiffs Have Identified a Specific Asset and a Statute Which Permits Attachment and Execution Notwithstanding Any Other Provision of Law.

In this Circuit, terrorism judgment holders are required to obtain a court order pursuant to § 1610(c) for each group of assets they seek to attach. *Walters v. Industrial and Commercial Bank of China, Ltd.*, 651 F.3d 280, 291 (2d Cir. 2011) (§ 1610(c) "requires a prior judicial determination that the execution is warranted under one of the § 1610(a) or (b) exceptions and with respect to specifically identified property."). Courts in this circuit do not recognize blanket § 1610(c) orders. *Olympic Chartering, S.A. v. Ministry of Indus. & Trade of Jordan*, 134 F. Supp. 2d 528, 536 (S.D.N.Y. 2001) (holding that "since the plaintiff in the instant case has not identified any specific assets in its motion, the Court cannot adequately review the propriety of attaching the assets of the judgment-debtor" for purposes of satisfying § 1610(c)).

The primary statute for enforcement of terrorism judgments issued pursuant to the anti-terrorism exception at 28 U.S.C. § 1605A is the Terrorism Risk Insurance Act of 2002 ("TRIA") § 201, Pub. L. No. 107–297, 116 Stat. 2322, 2337–2340 (codified at 28 U.S.C. § 1610 note). TRIA states in operative part that:

> *Notwithstanding any other provision of law,* and except as provided in subsection (b), in every case in which a person has obtained a *judgment against a terrorist party* on a claim based upon an act of terrorism, or for which a terrorist party is not immune under 28 U.S.C. § 1605(a)(7) [now 28. U.S.C. § 1605A], the blocked assets of that terrorist party *including the*

10

> *blocked assets of any agency or instrumentality of that terrorist party* shall be subject to execution or attachment in aid of execution in order to satisfy such judgment to the extent of any compensatory damages for which such terrorist party has been adjudged liable.

Under § 201(a) of TRIA, the *Bauer* Plaintiffs have the right to attach and execute on the property of Iran and its agencies and instrumentalities, including the Iran-China Group, "notwithstanding any other provision of law." 28 U.S.C. § 1610 note. Accordingly, the *Bauer* Plaintiffs hereby seek to assert their interest in the Bitcoin Assets, or at least so much as may ultimately be necessary to satisfy the outstanding compensatory damages, plus post-judgment interest, on their judgments, which TRIA makes senior to any interest that the government or other claimants could assert.

### III.  CONCLUSION

For the reasons stated above, the *Bauer* Plaintiffs respectfully request that this Honorable Court enter the attached proposed Order GRANTING this Motion to Permit Attachment and Execution Pursuant to 28 U.S.C. § 1610(c) against the Bitcoin Assets currently held by the U.S. Government, and all proceeds traceable thereto.

February 5, 2026

           Respectfully submitted,

           BAUMEISTER & SAMUELS, P.C.

           /s/ *Dorothea M. Capone*
           Dorothea M. Capone, Esq.
           Michel F. Baumeister, Esq.
           200 Vesey Street, 24th Floor
           New York, New York 10281 Tel: (212) 363-1200
           Email: tcapone@baumeisterlaw.com
           **Attorneys for Bauer Plaintiffs**